IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
No._____

| | |
|---|---|
| Jeffrey Davis, )<br>        Plaintiff    )<br>                  )<br>v.                               )<br>                  )<br>The United States Department )<br>Of Defense, )<br>        Defendant    ) | Complaint for Declaratory and<br>Injunctive Relief |

Plaintiff, complaining of Defendant, says:

1. This is an action for declaratory and injunctive relief pursuant to 5 U.S.C. 552, the Freedom of Information Act, and 28 U.S.C. 2201, the Declaratory Judgment Act.

2. This Court has subject matter jurisdiction of this action pursuant to 5 U.S.C. 552(a)(4)(B).

3. Plaintiff is aggrieved by defendant's action of which this complaint is made.

4. Plaintiff is a resident of this judicial district. Accordingly venue is proper in this district under 5 U.S.C. 552(a)(4)(B).

5. Defendant United States Department of Defense is a department of the executive branch of the United States government and is an agency within the meaning of 5 U.S.C. 552(f)(1).

6. On June 10. 2006, Mane Shaman al-Habardi, also known as Manei al-Oteibi, died in Guantánamo Bay, Cuba. He had been detained in Guantánamo for

more than four years without charge or trial. Plaintiff was one of al-Habardi's attorneys. Al-Habardi was in the custody and control of the U.S. Department of Defense during the entire time of his detention, and up to his death.

7. In the more than sixteen months subsequent to al-Habardi's death, the Department of Defense has released very little information about his years in detention or the circumstances of his death. The defendant has not provided the results of an autopsy conducted on al-Habardi to his family, let alone to the public.

8. On May 21, 2007, plaintiff sought these records from defendant:

> "All documents, including photographs, video tapes, memos and emails, related in any way to the imprisonment at Guantanamo of Mane Shaman al-Habardi, also known as Manei al-Oteibi, whose ISN at Guantanamo was 588, as well as all documents, photographs, video tapes, memos and emails related in any way to his death at Guantanamo in 2006."

7. On August 21, 2007, defendant denied this request in its entirety, citing a pending investigation into a death that had occurred more than fourteen months previously.

8. Plaintiff appealed this determination in apt time on September 24, 2007. More than twenty days have elapsed since Plaintiff's appeal, without any decision on appeal being rendered. Action in this Court is now ripe under 5 U.S.C. 552(a)(6)(A)(ii).

9. To date, defendant has not provided plaintiff with the records requested under the Freedom of Information Act.

10. Plaintiff has a statutory right to the records sought, and there is no legal basis for the defendant's refusal to disclose them.

WHEREFORE, Plaintiff respectfully prays that the Court:

1. declare unlawful defendant's refusal to furnish the requested information to plaintiff,

2. preliminarily and permanently enjoin defendant to produce the requested information forthwith, and

3. grant him other relief appropriate in the premises, including counsel fees, costs and litigation expenses.

Respectfully submitted, November 19, 2007.

s/ George Daly
George Daly
N.C. Bar No. 1071
139 Altondale Avenue
Charlotte, NC 28207
704-333-5196
Gdaly1@bellsouth.net
Attorney for Plaintiff