**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:07-cv-492-RJC-DSC**

| | | |
|---|---|---|
| **JEFFREY DAVIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **UNITED STATES DEPARTMENT OF** | ) | |
| **DEFENSE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

        **THIS MATTER** is before the Court after the Department of Defense's ("DOD") production

of documents in response to the Court's May 6, 2010, Order (Doc. No. 42). In its previous

summary judgment Order, the Court ordered DOD to file one or more detailed declarations or

affidavits describing the searches conducted by the Joint Detention Group ("JDG"), the Joint

Intelligence Group ("JIG"), the Joint Medical Group ("JMG"), and the Staff Judge Advocate

("SJA"). In addition, the Court required DOD to produce unredacted JMG records referencing the

method for securing or restraining patients during "certain medical procedures" of which the

Thomas Declaration speaks. See (Doc. No. 42 at 21).

        DOD has now produced the supplemental declarations of the JDG, JIG, JMG, and SJA in

its filing dated June 7, 2010. (Doc. No. 43). These declarations satisfy the Court that the searches

conducted by JDG, JIG, JMG, and SJA were "reasonably calculated to uncover all relevant

documents" responsive to Davis's request. Kowalczyk v. U.S. Dep't of Justice, 73 F.3d 386, 388

(D.D.C. 1996). While the previous declarations filed by these components were inadequate, the

Court finds the supplemental affidavits sufficient to ensure the adequacy of these respective

components' searches of their records.

Thus, the only remaining issue is whether DOD must disclose the method used to restrain patients during the "certain medical procedures" of which the Thomas Declaration speaks. After in camera review of al-Habardi's unredacted medical records, the Court finds that DOD has officially acknowledged this information.

In its previous Order, the Court found that the (b)(2) high exemption applies to the method for securing patients during nasogastric tube feedings. However, the Court noted that "when information has been 'officially acknowledged,' its disclosure may be compelled even over an agency's otherwise valid exemption claim." Fitzgibbon v. C.I.A., 911 F.2d 755, 765 (D.C. Cir. 1990) (citation omitted). Courts apply a three-part test to determine whether information has been "officially acknowledged" by an agency. See id. (citing Afshar v. U.S. Dep't of State, 702 F.2d 1125, 1133 (D.C. Cir. 1990)). "First, the information requested must be as specific as the information previously released. Second, the information requested must match the information previously disclosed . . . . Third, . . . the information requested must already have been made public through an official and documented disclosure." Id. (citing Afshar, 702 F.2d at 1133). Where information requested and withheld "is truly public, then enforcement of an exemption cannot fulfill its purposes." Cottone v. Reno, 193 F.3d 550, 554 (D.C. Cir. 1999) (quoting Niagara Mohawk Power Corp. v. U.S. Dep't of Energy, 169 F.3d 16, 19 (D.C. Cir. 1999)).

DOD officially acknowledged the method it used to restrain al-Habardi during nasogastric tube feedings when it disclosed the use of this same method in the Edmondson Declaration filed in Al Joudi v. Bush. No. 1:05-cv-301-GK (D.D.C.) (Doc. No. 48-2 at ¶ 7) (filed Oct. 19, 2005). The Court previously found that the Edmondson Declaration meets parts one and three of the test for official acknowledgment. See (Doc. No. 42 at 18-19) (citing Afshar, 702 F.2d at 1133). As to part two of the test, the unredacted records filed by DOD demonstrate that the information previously

disclosed in the Edmondson Declaration matches the information sought now by Davis. Because the information requested has been officially acknowledged by DOD, the Court will require it to provide that information to Davis.

**IT IS, THEREFORE, ORDERED** that:

1.    The Department of Defense **SHALL PRODUCE** to Davis within fourteen days the same medical records it produced to the Court for in camera review, with the method used to secure or restrain al-Habardi during nasogastric tube feeding procedures unredacted;[1] and

2.    The Department of Defense **SHALL FILE** a notice to the Court as soon as it has produced these documents.

Upon receiving notice that DOD has produced the necessary documents to Davis, the Court will then instruct the Clerk of Court to close this matter.

**SO ORDERED**.

Signed: June 29, 2010

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] DOD must disclose only the information regarding the securing or restraining of al-Habardi. The personal information of medical personnel and any other non-relevant information, which was unredacted in the records provided to the court for in camera review, may be redacted in the records provided to Davis.